Mark MARLOW, husband; Nancy Marlow, wife, Plaintiffs-Appellants,

v.

John HOTCHKISS, in his individual capacity; et al., Defendants-Appellees.

No. 16-35211

United States Court of Appeals, Ninth Circuit.

Submitted October 23, 2017 *

Filed October 30, 2017

Mark Marlow, Pro Se

Nancy Marlow, Pro Se

Heather C. Yakely, Attorney, Evans, Craven & Lackie, P.S., Spokane, WA, for Defendants-Appellees John Hotchkiss, Steven M. Clem, Andrew L. Kottkamp, Glen A. de Vreis, Ramon Perez, Mark D. Kulaas, Dale L. Snyder, Ken Stanton, Steven Jenkins, Does 1 Through 10

Vanessa Ruth Waldref, Assistant U.S. Attorney, USSP—Office of the U.S. Attorney, Spokane, WA, for Defendants-Appel-

lees Karen M. Urelius, Jerry J. Gregory, Anthony O. Wright, Bruce A. Estok, F. Dale Bambrick

Carl P. Warring, Assistant Attorney General, Washington State Attorney General's Office, Spokane, WA, for Defendants-Appellees Eric Pentico, Gary Graff

Before: McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Mark Marlow and Nancy Marlow appeal pro se from the district court's judgment dismissing their action alleging various claims related to their real property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed the Marlows' action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because the claims constituted a forbidden "de facto appeal" of a prior state court judgment or were "inextricably intertwined" with that judgment. *See id.* at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.